UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUIS HOLMES | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6681 |
| CHUBB EUROPEAN GROUP SE | * | SECTION L |

**ORDER & REASONS**

Before the Court is Defendant Chubb European Group SE's 12(b)(6) Motion to Dismiss for Failure to State a Claim, or, alternatively, 12(e) Motion for a More Definite Statement. R. Doc. 8. Plaintiff opposes the motion. R. Doc. 9. Defendant filed a reply. R. Doc. 10. Having considered the briefing and the applicable law, the Court rules as follows.

I. BACKGROUND

This case arises from alleged damage to Plaintiff Louis Holmes' residence caused by Hurricane Ida. R. Doc. 2-1 at 6. At the time, his residence was insured by Defendant Chubb. *Id.* at 5. Holmes sued Defendant in the Civil District Court for the Parish of Orleans for alleged underpayment of the insurance claim, but Defendant removed the case to this Court pursuant to diversity jurisdiction. R. Doc. 2 at 2.

Holmes contends that Hurricane Ida destroyed his New Orleans residence and personal property. R. Doc. 2-1 at 6. Holmes allegedly reported his loss to Defendant within thirty days. *Id.* Holmes states that he has been unable to reside at the property since Hurricane Ida and has been living elsewhere. *Id.* He asserts that he has not been adequately compensated under the home insurance policy for both the property damage and his resulting loss of use of the premises. *Id.*

Holmes asserts several causes of action under Louisiana statute. *Id.* at 6-7. First, he argues that Defendant is liable under La. R.S. §§ 22:652 and 22:1220 for arbitrarily refusing to tender the

unchallenged portions of the claim within the relevant time limits. *Id.* at 7. Second, he states that Defendant violated La. R.S. §§ 22:658 and 22:1220 when it under-adjusted his claims and continues to delay payment. *Id.* Holmes believes that he is owed damages for Defendant's breach of good faith, including, but not limited to, attorney's fees, statutory penalties, and damages for mental anguish. *Id.* In response, the Defendant filed the instant Rule 12 motion. R. Doc. 8.

## II.     PRESENT MOTION

Defendant contends that Holmes has not adequately pleaded his claim, and therefore asks this Court to either dismiss the case under 12(b)(6), or, in the alternative, to order Holmes to supplement his pleadings under 12(e). R. Doc. 8 at 1; Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(e). Defendant alleges that Holmes does not clearly identify any specific cause of action, breach of legal duty, or allege any specific misconduct against it.

In opposition, Holmes responds that his factual assertions are sufficient under 12(b)(6). R. Doc. 9 at 2-4. Additionally, Holmes notes that dismissal for failure to state a claim is only warranted in severe situations, and his pleadings do not warrant such a result. *Id.* at 2-2. Holmes does not appear to contest Defendant's alternative 12(e) motion. *See generally id.* In reply, Defendant reemphasizes its earlier arguments and prays that the matter be dismissed. R. Doc. 10.

## III.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible

on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV.    ANALYSIS

This Court finds that Holmes' Complaint is sufficient to survive 12(b)(6) dismissal. *Iqbal*, 556 U.S. at 678. For example, he (1) provides the policy number associated with Defendant's coverage of his property; (2) states the amount of coverage provided by the policy; (3) alleges that his property suffered "almost a complete loss;" (4) asserts that the property damage was due to Hurricane Ida; and (5) Defendant has tendered less than $10,000 in response to his claim. R. Doc. 9-1 at 1-2. The Court therefore rejects Defendant's argument that the Complaint is too conclusory. Instead, the Court finds that it can be reasonably inferred from Holmes' Complaint that Defendant is liable for misconduct that Holmes' alleges. *Twombly*, 550 U.S. at 570. The remaining questions that Defendant has regarding this matter can be addressed during discovery.

Further, because the Court finds that Holmes' Complaint is sufficient, it denies Defendant's alternative motion for 12(e) relief.

### V.    CONCLUSION

For the foregoing reasons, Defendant Chubb European Group SE's Motion, R. Doc. 7, is **DENIED**.

New Orleans, Louisiana this 30th day of January, 2024.

_____
United States District Judge